### S. A. WILLETTS & CO. v. RUTH G. EARL, OWNER, &c.

1. The filing of a contract for the erection of a building, made by the owner in the name of an agent merely and not disclosing the owner's name, will not protect the building from liens under the Mechanics' Lien law.
2. When a building contract has been duly filed under the Mechanics' Lien law, a person furnishing labor or materials to the builder will not acquire a right to a lien by reason of the subsequent abandonment of that contract.
3. The filing of a building contract will not preclude liens under the Mechanics' Lien law for work done and materials furnished which were not in pursuance of such contract.

---

On contract.

The questions of law arising in the foregoing cause, and reserved for review, are the following, viz. :

*First.* At the trial of this cause before the Circuit Court the plaintiff proved his bill of particulars and rested. The defendant then offered in proof the contracts under which the erection of the buildings had been undertaken by the contractor. These contracts were executed not by Mrs. Earl, as

owner, but by Harry Earl, her husband, in his own name. It appeared that these contracts had been duly filed before the buildings had been begun. Objection was made by the plaintiffs, that contracts made with a contractor by a person other than the owner were not such contracts as under the Mechanics' Lien law would protect the property from liens; which question is hereby certified to the Supreme Court for its advisory opinion.

*Second.* There was evidence in the case tending to show that before the buildings were completed, the contractor and builder mutually abandoned the building contracts. It also appeared that all of the plaintiff's bill of particulars had been furnished prior to such abandonment. Plaintiff contended that, upon such abandonment being shown, the power of the contracts, though filed to protect the buildings, was gone. This question is also certified to the Supreme Court for its advisory opinion.

*Third.* It appeared that during the erection of the buildings begun under the contracts filed, modifications and extensions were agreed to between the builder and contractor, and embodied in written contracts between them, which were not filed in the clerk's office. The court held that the failure to file these contracts, in the condition of the testimony, would not destroy the efficiency of the contracts which were filed to protect the buildings from materials subsequently used under such supplemental contracts; which question is also certified to the Supreme Court for its advisory opinion.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiffs, *J. W. Wescott.*

For the defendant, *A. Stephany.*

The opinion of the court was delivered by

DIXON, J. The first question, read in the light of the accompanying case, is whether, when a person makes a written

contract for the erection of a building, in the name of an agent, the contract not disclosing the name of the principal, the filing of such a contract will, under our Mechanics' Lien law, prevent a lien in favor of any person save the other party to that contract.

The first section of the law gives a lien against every building to every person furnishing labor or materials for its construction. The second section enacts " that when any building shall be erected in whole or in part by contract in writing, such building and the land whereon it stands shall be liable to the contractor alone, for work done or materials furnished in pursuance of such contract; *provided,* such contract or a duplicate thereof be filed in the office of the clerk of the county in which such building is situate, before such work done or materials furnished."

The manifest object of the proviso just recited is to notify all persons, other than the original contractor, who may be about to furnish materials or labor for the construction of the building, that they cannot rely upon a lien for payment. In order that the filing of the contract may accomplish this purpose of notice, there must be some means by which the parties to be notified can discover that the instrument has been so filed. No such means is expressly provided by law, and none can be suggested, by inference from the law, which does not presuppose the ascertainment by those parties of some fact *in pais.* They must have learned some fact which shall form a clue to their search for the contract in question. The fact that, in my judgment, is most reasonably suggested by the law, is the name of the person about to have the building erected, its owner.

Building contracts do not usually describe the location of the building with such precision as to make that circumstance a means of identification; nor need they specify the character of the building so as thereby to denote its identity, for that may be shown solely by the specifications, the filing of which is not always requisite (*Budd* v. *Lucky,* 4 *Dutcher* 484); nor will the name of the contractor alone point out ordinarily the

particular building intended, as he is likely to have more than one in hand at the same time. The name of the owner is probably at once the most notorious and the most significant fact by which a contract filed can be connected with the building to be erected under it. The owner is also the person whose interest it is, and therefore whose duty it is, to file the contract in order to exempt his property from liens. For these reasons we conclude that persons about to furnish work or materials for the erection of a building, and searching in the clerk's office to see whether they will be barred from liens therefor, are bound first to ascertain the name of the owner of the building, and then are entitled to assume that a contract, the filing of which would bar their liens, will disclose his name as owner. If there be on file no contract in his name, they may rely upon a lien. Indeed, a writing not disclosing his name would not be, strictly speaking, what the statute requires to be filed, a contract in writing, for if the writing does not indicate the parties, it does not show the essentials of the contract. If it should be held that the filing of a contract made by an agent in his own name is sufficient, then parties interested, who had learned the name of the owner, would be chargeable also with knowledge of whatever agencies he might have chosen to constitute. Such an additional burden is not required by the statute, and would be unreasonable.

This construction of the statute has a further recommendation, in that under it the contract filed will indicate to persons, whose claims to a lien are barred, the party upon whom, in proper cases, they may serve notice, under the third section of the law, for the retention of money due them for work or materials.

We therefore advise the Circuit Court that the filing of the contract made by Mrs. Earl, in the name of her agent, did not protect her building from liens under the Mechanics' Lien law.

The second question certified is, in effect, whether, when a person has furnished materials to a builder under circumstances which do not entitle him to a lien, because the building con-

tract has been duly filed, he will acquire a right to a lien afterwards, in case the parties to that contract abandon it.

We do not see how such abandonment can give him that right. The lien is merely statutory, and the statute provides for no lien except such as arises by the furnishing of labor or materials. If the right to a lien does not come into existence when the materials or labor is completely furnished, it never does. If a person has done his work or. sold and delivered his property without any expectation of having a lien therefor, the subsequent conduct of other parties constitutes no reason for securing him a lien. Whether their conduct shall be allowed to deprive him of other claims, on which he may have relied under other provisions of the law, is a question not now before us.

With regard to the third question, we think the Circuit Court was in error.

The filing of a contract precludes liens only " for work done and materials furnished *in pursuance of such contract."* If the owner of the building chooses to abrogate the whole or part of the contract filed and make another instead, or to enter into a further contract requiring additional work or materials, he places himself outside of the protection of the statute to the extent of the changes made. Many building contracts authorize the owner, without consent of the builder, to require alterations and additions during the progress of the work. Labor and materials necessary to meet such changes are furnished *in pursuance of the contract,* and, if the contract were duly filed, no lien could be obtained therefor except by the original contractor. But if the work or materials be not furnished in pursuance of the contract filed, the exemption of the statute will not apply.